UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


DENCIL PERRY,                        )
                                     )
            Plaintiff,               )
                                     )
      vs.                            )    No. 4:05CV1384-DJS
                                     )
MISSOURI DEPARTMENT OF               )
CORRECTIONS, LAURA ELLISON,          )
MARY THIBODEAUX, TROY STEELE,        )
STEVE JENNINGS, ROBERT WALLACE,      )
JAMES F. LABUNDY, and WAYNE CRUMP,   )
                                     )
            Defendants.              )


ORDER


        Now before the Court are the unopposed motion to dismiss

of defendants Missouri Department of Corrections ("MDOC"), Troy

Steele, Steve Jennings, Robert Wallace, James F. LaBundy, and Wayne

Crump and pro se plaintiff's motion for leave to file a first

amended complaint.  Plaintiff is an inmate currently confined at

the Northeast Correctional Center ("NECC").  Plaintiff filed a

complaint asserting five different counts against defendants.

Count I alleges that defendants have violated plaintiff's rights

under the American with Disabilities Act by denying him access and

participation in the Missouri Sex Offender Program ("MOSOP")

administered by the MDOC because of plaintiff's learning

disability.  Count II alleges that the same activity described in

Count I violates section 504 of the Rehabilitation Act, 29 U.S.C.

§ 794. Counts III, IV, and V are brought under 42 U.S.C. § 1983. Count III alleges that the MOSOP program violates plaintiff's 5th Amendment right to be free from self-incrimination by requiring him to talk about his criminal activity. Count IV alleges that plaintiff's due process rights were violated when he was terminated from the MOSOP program because his conditional release date was extended. Finally, Count V alleges that plaintiff has been treated differently than other similarly situated individuals in violation of his right to equal protection under the law. Plaintiff seeks monetary and injunctive relief.

Defendants assert that the Court should dismiss plaintiff's complaint for failure to exhaust administrative remedies and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(6). The Court first addresses defendants' affirmative defense that plaintiff has not exhausted the administrative remedies available to him as required by 42 U.S.C. § 1997e(a). See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). Plaintiff's complaint asserts that he has in fact exhausted all administrative remedies. The "[Prison Litigation Reform Act's] ("PLRA") exhaustion requirement is not a heightened pleading requirement. This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and to prove." Nerness v. Johnson, 401 F.3d 874, 876 (2005) (citations omitted). Defendants' citation to McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000), is noted, but the

Court is persuaded by the more recent decision in <u>Nerness</u>.

Defendants concede that plaintiff has exhausted Counts I and II. The Court has reviewed plaintiff's grievance appeal file attached to defendants' motion to dismiss. Upon review of the file, the Court is persuaded that plaintiff has not exhausted all available administrative remedies with respect to plaintiff's § 1983 claims concerning alleged 5th amendment, due process, and equal protection violations -- Counts III, IV, and V. None of plaintiff's allegations in those counts appear in the grievance appeal file. The Court notes plaintiff's assertion in his complaint that he has exhausted all of the administrative grievance procedures available to him. It appears that in exhausting those procedures, plaintiff has never asserted the aforementioned alleged § 1983 violations.

"When multiple prison condition claims have been joined . . . the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to *all* of the claims." <u>Graves</u>, 218 F.3d at 885 (emphasis added). However, plaintiff's motion for leave to amend his complaint cures the defect that would otherwise necessitate dismissal. <u>See</u> <u>Kozohorsky v. Harmon</u>, 332 F.3d 1141, 1144 (8th Cir. 2003). Plaintiff has filed a motion for leave to file a first amended complaint which only includes Counts I and II. The Court will grant plaintiff's

motion for leave to file a first amended complaint and deny
defendants' motion to dismiss as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to
file a first amended complaint [Doc. #16] is granted, and the Clerk
shall detach and separately docket and file plaintiff's first
amended complaint attached to his motion [Doc. #16.2].

**IT IS FURTHER ORDERED** that defendant's motion to dismiss
[Doc. #11] is denied as moot.

Dated this ___13th___ day of March, 2006.

                              /s/Donald J. Stohr
                              UNITED STATES DISTRICT JUDGE